IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE JOE GANN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 07-3036-CV-S-RED |
| | ) | Crim No. 05-3104-01-CR-S-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is Freddie Joe Gann's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1). For the following reasons, the Court finds the Motion is due to be **DENIED**.

### A. Factual and Procedural History

On August 17, 2005, a federal grand jury sitting in Springfield, Missouri, returned a one-count indictment charging Freddie Joe Gann ("Gann") with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On October 6, 2005, Gann appeared with his attorney, Assistant Federal Public Defender Ann Koszuth, and pled guilty to the one-count indictment without a written plea agreement. Gann was sentenced on February 3, 2006, receiving a sentence of 180 months. No direct appeal was filed.

Gann now petitions this Court under 28 U.S.C. § 2255 for post-conviction relief. He states six grounds for vacating his sentence. First, Gann argues his counsel was unconstitutionally ineffective for three reasons: (1) his counsel was ineffective during plea negotiations for failing to obtain a binding written plea agreement limiting his sentence to five years, for failing to conduct a proper pre-trial investigation, for failing to maintain meaningful

communication with him, and for failing to file certain pre-trial motions; (2) his counsel was ineffective during sentencing for failing to properly challenge the pre-sentence investigation report on the issue of whether his prior convictions for second-degree burglary were properly counted for application of the Armed Career Criminal Act; and (3) his counsel was ineffective post-sentencing for failing to file a Notice of Appeal. Gann further asserts his sentence was imposed in violation of the Fifth, Sixth, and Eighth Amendments of the U.S. Constitution, the sentencing Court abused its discretion by imposing a sentence pursuant to the Armed Career Criminal Act, and the Assistant U.S. Attorney engaged in prosecutorial misconduct by allowing Gann to be sentenced under the Armed Career Criminal Act.

## B. Analysis

Gann's assertions that his sentence violated the Fifth, Sixth, and Eighth Amendments of the U.S. Constitution, that this Court abused its discretion by imposing a sentence pursuant to the Armed Career Criminal Act, and that the Assistant U.S. Attorney engaged in prosecutorial misconduct were not raised as issues on direct appeal. Typically, claims that were not raised on direct appeal cannot be properly brought under § 2255. *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). However, "relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992)). One method by which Gann could show default and resulting prejudice is by raising an independent ineffective counsel argument, as he has done here. *See Perales*, 212 F.3d at 1111.

To establish an ineffective assistance of counsel claim, Gann must prove that (1)

2

counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.* As discussed above, because "resulting prejudice" must be shown in order to obtain relief under § 2255, the Court need not address the issue of reasonableness if Gann cannot prove actual prejudice. *See id.*

Here, Gann has failed to establish there is a reasonable probability that the outcome of his cause would have been different but for his counsel's ineffectiveness. Underlying the assertions of ineffective assistance of counsel is Gann's contention that he should not have been convicted as an armed career criminal. The main thrust of his argument is that his ten prior convictions for second-degree burglary should only be counted as two convictions, thus putting him outside of the application of 18 U.S.C. § 924(e). In support of this argument, Gann points to the fact that the ten burglaries were consolidated, charged, and prosecuted under only two case numbers. Gann contends that because there were only two adjudications, there can only be two convictions.

Under 18 U.S.C. § 924(e), any person who violates 18 U.S.C. § 922 (g) and has three prior convictions for a violent felony "committed on occasions different from one another, . . .

3

shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1) (2000). Contrary to Gann's argument, § 924(e) does not require separate prosecutions or distinct adjudications to constitute prior convictions; it is sufficient that the predicate offenses occurred on different occasions. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *United States v. McDile*, 914 F.2d 1059, 061 (8th Cir. 1990); *United States v. Rush*, 840 F.2d 580, 581 (8th Cir. 1988). Thus, Gann's ten burglary convictions were properly counted as prior convictions triggering the application of § 924(e). It would have been meritless for Ms. Koszuth to argue otherwise, and any failure to do so does not constitute ineffective assistance. *Rodriguez*, 17 F.3d at 226.

Because Gann is unable to show there is a reasonable probability that, but for his counsel's alleged shortcomings, the outcome of his case would have been different, he has failed to demonstrate ineffective assistance of counsel. Consequently, Gann is barred from using § 2255 to raise the arguments that his sentence violated the Fifth, Sixth, and Eighth Amendments of the U.S. Constitution, that this Court abused its discretion by imposing a sentence pursuant to the Armed Career Criminal Act, and that the Assistant U.S. Attorney engaged in prosecutorial misconduct.

### C. Conclusion

For the foregoing reasons, Freddie Joe Gann's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATE:   May 17, 2007         */s/ Richard E. Dorr*
                             RICHARD E. DORR, JUDGE
                             UNITED STATES DISTRICT COURT